JAYME B. SULLIVAN
BOISE CITY ATTORNEY

SCOTT B. MUIR
Deputy City Attorney
MARY R. GRANT
Deputy City Attorney
CITY OF BOISE
OFFICE OF THE CITY ATTORNEY
P.O. Box 500
Boise, ID 83701-0500
Telephone: (208) 608-7950
Idaho State Bar No.: 4229 and 8744
E-mail: BoiseCityAttorney@cityofboise.org

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SIERRNA BERG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BOISE CITY POLICE DEPARTMENT, a governmental entity, CITY OF BOISE, a political subdivision,<br><br>Defendants. | Civil Action No. 1:20-cv-00164-CWD<br><br>**ANSWER** |

COMES NOW Defendants City of Boise City Police Department and City of Boise, and in response to the Plaintiff's Complaint admits, denies, and alleges as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against said Defendants upon which relief can be granted and should be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

ANSWER - 1

SECOND DEFENSE

Said Defendants deny each and every allegation of Plaintiff's Complaint not herein specifically and expressly admitted. Defendants reserve the right to amend this and any other answer or denial stated herein, once they have had an opportunity to complete discovery regarding the allegations contained in Plaintiff's Complaint.

THIRD DEFENSE

I.

The Introduction of Plaintiff's Complaint appears to be a narrative.  To the extent a response is required, Defendants deny the allegations contained therein.

II.

Answering paragraph 1 of Plaintiff's Complaint, said Defendants admit that Berg was employed as a Boise police officer.  Defendants have insufficient information to admit or deny the remaining allegations in paragraph 1, therefore Defendants deny the same.

III.

Answering paragraph 3 of Plaintiff's Complaint, said Defendants admit that the City of Boise is a municipal corporation, organized under the laws of the State of Idaho, with the capacity to sue and be sued. Defendants deny the remaining allegations in paragraph 3.

IV.

Paragraph 4 of Plaintiff's Complaint appears to be a narrative. To the extent a response is required, Defendants deny the allegations contained therein.

V.

Answering paragraph 5 of Plaintiff's Complaint, Defendants admit jurisdiction is proper. Defendants deny the remaining allegations in paragraph 5.

VI.

Answering paragraph 6 of Plaintiff's Complaint, Defendants admit supplemental jurisdiction is proper. Defendants deny the remaining allegations in paragraph 6.

VII.

Answering paragraph 9 of Plaintiff's Complaint, Defendants admit that Berg filed and served a Notice of Tort Claim upon Defendants on or about November 27, 2019. Defendants deny the remaining allegations in paragraph 9.

VIII.

Answering paragraph 10 of Plaintiff's Complaint, said Defendants admit Berg was hired as a police officer in training for the City of Boise Police Department in January 2019. Defendants have insufficient information to admit or deny the remaining allegations in paragraph 10, therefore Defendants deny the same.

IX.

Answering paragraphs 7 and 11 of Plaintiff's Complaint, said Defendants admit the same.

X.

Answering paragraphs 8, 12-16, 18, 20-25, 27-30, 32-47, and 56 of Plaintiff's Complaint, said Defendants have insufficient information to admit or deny, therefore deny the same.

XI.

Answering paragraph 19 of Plaintiff's Complaint, said Defendants admit Berg graduated with her POST certification on or about May 30, 2019, and was therefore eligible to serve as a full-time law enforcement officer. Defendants admit Boise Police Department has enacted and adopted the Standardized Performance Guidelines, which are intended to provide objective standards of performance and evaluation through the FTO program. Defendants have insufficient

ANSWER - 3

information to admit or deny the remaining allegations in paragraph 19, therefore Defendants deny the remaining allegations in paragraph 19.

XII.

Answering paragraph 26 of Plaintiff's Complaint, said Defendants admit that Berg ultimately passed her Phase I FTO training. Defendants have insufficient information to admit or deny the remaining allegations in paragraph 26, therefore deny the same.

XIII.

Answering paragraphs 48, 63, 71 of Plaintiff's Complaint that reallege prior allegations, said Defendants reassert their previous answers.

XIV.

Paragraphs 49 and 55 of Plaintiff's Complaint state a federal statute which speaks for itself.

XV.

Paragraphs 64 and 65 of Plaintiff's Complaint state an Idaho statute which speaks for itself.

XVI.

Answering paragraphs 2, 17, 31, 50-54, 57-62, 66-70, 72-82 of Plaintiff's Complaint, said Defendants deny the same.

XVII.

Answering paragraph 83 of Plaintiff's Complaint, this is a demand for jury trial and does not require a response.

XVIII.

Answering paragraphs (a) through (g) of Plaintiff's Complaint, this is Plaintiff's Prayer for Relief and does not require a response, but to the extent it may, said Defendants deny paragraphs (a) through (g).

ANSWER - 4

## AFFIRMATIVE DEFENSES

1. Defendants have not been able to engage in sufficient discovery to learn all of the facts and circumstances relating to the matters described in the Plaintiff's Complaint and therefore request the Court to permit Defendants to amend the Answer and assert additional affirmative defenses or abandon affirmative defenses once discovery has been completed.

2. That some or all of the Plaintiff's claims are barred by waiver and/or estoppel.

3. That the Plaintiff has failed to act reasonably or to otherwise mitigate her damages, if any.

4. That the "City of Boise City Police Department" is neither incorporated nor is it an association or governmental entity that exists separate of the City of Boise. As it is not a separate legal entity under Idaho law, the "City of Boise City Police Department" lacks the requisite capacity in order to sue or be sued and must be dismissed pursuant to Rule 17 of the Federal Rules of Civil Procedure.

5. To the extent that the Plaintiff is asserting state law claims, the liability, if any, of the Defendants, for any state law claims or causes of action is limited pursuant to the provisions of the Idaho Tort Claims Act. In asserting this defense, the Defendants are in no way conceding or admitting liability.

6. To the extent that the Plaintiff is asserting state law claims against the Defendants, some or all of such claims are barred since they arise out of and/or stem from activities for which the Defendants are immune from liability by virtue of the provisions of the Idaho State Tort Claims Act.

7. That Plaintiff was not the subject of an adverse employment action.

ANSWER - 5

8. That any adverse action alleged by Plaintiff actually occurred for legitimate non-retaliatory reasons.

9. That any adverse action alleged by Plaintiff was not in retaliation for an activity protected under I.C. § 6-2104.

10. That Plaintiff's damages, if any, were caused by the acts or omissions of other persons or entities for which Defendants are not responsible.

11. That Plaintiff's damages, if any, were caused by her own acts or omissions for which Defendants are not responsible.

12. All general immunities statutory or otherwise applicable.

## DEMAND FOR JURY TRIAL

Defendants request that this matter be tried by jury.

## ATTORNEY FEES

Defendants have been required to retain attorneys in order to defend this action and are entitled to recover reasonable attorney fees pursuant to federal and state law and applicable Rules of Civil Procedure.

WHEREFORE, Defendants pray for judgment against the Plaintiff as follows:

1. That the Complaint be dismissed with prejudice and that the Plaintiff take nothing under it.

2. That the Defendants be awarded costs, including reasonable attorney fees pursuant to the applicable laws and Rules of Civil Procedure.

3. That judgment be entered in favor of Defendants on all claims for relief.

ANSWER - 6

4. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 24th day of April 2020.

OFFICE OF THE CITY ATTORNEY

_____/s/ Scott B. Muir_____
SCOTT B. MUIR, Deputy City Attorney
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Jeffery J. Hepworth
J. Grady Hepworth
HEPWORTH LAW OFFICES
Attorneys at Law
2229 W. State Street
P.O. Box 2815
Boise, ID 83701-2815
courtservice@idalawyer.com

_____/s/ Scott B. Muir_____
SCOTT B. MUIR
Deputy City Attorney

ANSWER - 7